### SCOTT *v.* MANHATTAN RY. Co. *et al.*

*(Superior Court of New York City, General Term. January 11, 1892.)*

ELEVATED RAILWAYS—OBSTRUCTION OF LIGHT—USES OF BUILDING.

Where the structure of an elevated railroad obstructs the light of a building, the facts that the building has been used by the tenant for the display of cut glass, and that artificial is better than natural light for that purpose, cannot be considered by the jury in determining the damages to which the owner of the building is entitled for injury to the rental value.

Appeal from jury term.

Action by William H. Scott, executor of William H. Scott, deceased, against the Manhattan Railway Company and another. Verdict for plaintiff for six cents damages. Plaintiff appeals from the judgment entered on the verdict, and from an order denying a motion for a new trial. Reversed.

Argued before FREEDMAN and McADAM, JJ.

*Arnold & Greene,* for appellant. *Davies, Short & Townsend,* for respondents.

McADAM, J. The action was brought to recover damages to the rental value of the leasehold premises known as "No. 36 Murray Street," in the city of New York, caused by the construction and operation of the elevated railroad in front of said premises. The title to the fee of the land is in Columbia College; but on the 29th day of November, 1870, the trustees of that college executed an instrument by which they leased the land to William H. Scott for the term of 21 years. Mr. Scott entered into possession under his lease, and built upon the land the building now standing there, which is five stories high, with cellar and sub-cellar. It was finished in 1857, and is 25 feet wide by about 75 feet deep. It has a marble front, and is a fine building, with elevator, etc. It has always been used and occupied for business purpose. Mr. Scott died in the year 1883, leaving a last will and testament, which was duly proved as a will of real and personal property; and under this will the plaintiff was named as executor and trustee, and duly qualified as such. Upon the trial of the action the court charged the jury that "in deciding the question of damages to rental value they should consider it with reference to the purpose for which the premises were occupied and used during said period, and give weight to the undisputed fact that it has been used since 1881 for the exhibition and sale of cut-glass goods, and that such goods were exhibited to better advantage by artificial light than by ordinary light." The plaintiff excepted to this portion of the charge, and the defendants' counsel consented that it be withdrawn; but there is nothing in the case indicating that the jury were instructed to disregard it, nor was anything said by the court from which they might intelligently draw that inference. The charge was inaccurate, for it gave the jury the right to believe that they could not consider the purposes for which the premises might have been occupied; and only those for which they actually were occupied. The plaintiff was en-

titled to the use of his property for any purpose to which it might be devoted, and for which he was able to rent it; and the fact that he may have been obliged to rent it for a purpose in which artificial light could be used to better advantage does not prevent him from recovering what he might have received if he had been able to rent the premises with the advantages of natural light. Whether the trial judge intended to withdraw this portion of the charge, it is clear from the result that it left its impression on the mind of the jury, for they awarded the plaintiff but six cents damages, while the proof indicates that his loss was of a more substantial character. As the value of property results wholly from its use, it follows that to deprive the owner of its most advantageous use is a deprivation of property. Indeed, all that is beneficial in property arises from its use, and the fruits of that use; and whatever deprives a person of them deprives him of all that is desirable or valuable in the title or possession; and whatever limits or interferes with the most advantageous use of the property does a substantial injury to the title and possession, which is not compensated by nominal damages. For these reasons, and without considering the other exceptions in the case, it follows that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to abide the event.